In the Matter of the Estate of CHAUNCEY MARSHALL, Deceased.

Surrogate's Court, New York County, January 16, 1930.

*Cullen & Dykman*, for the petitioners.

*Frank Aranow*, special guardian.

O'BRIEN, S. This is a trustee's accounting embracing two trusts established by the will of the above-named testator. One of the trusts is of twelve-fifteenths of the residuary estate for the benefit of the widow, Mary L. Marshall, and the other trust is of three-fifteenths of said residuary estate for the benefit of testator's son, Chauncey Marshall, Jr. The trust for the benefit of testator's widow is still in force and effect, as she is still living. The trust for the benefit of the testator's son has terminated by his death, and the accounting is, therefore, intermediate so far as the trust for the benefit of the widow is concerned, and is final as to the trust for the benefit of the son. The total capital of these two trusts, as shown by the accounting. is $1,082,795.19. Part of the trust

property consisted of an undivided share in unproductive real property. This real estate was sold, and there was paid over to the trustee the sum of $45,520.83, as the proportionate share of the estate of Chauncey Marshall in the cash realized from said sale. The accountant purposes to apportion this money realized from the sale of said unproductive real property between the life tenant and the remainderman under the rule laid down by the Court of Appeals in *Lawrence* v. *Littlefield* (215 N. Y. 561); *Spencer* v. *Spencer* (219 id. 459), and *Furniss* v. *Cruikshank* (230 id. 495). The special guardian representing contingent remaindermen contends that there should be no apportionment, stressing his objection to the proposal of the trustee on the ground that the unproductive real property was of such small value when compared with the total value of the trust estate that there was no basis for fear of carrying charges on this unproductive real estate eating up the income produced from the productive property of the estate to such an extent that the life beneficiary would suffer by being deprived of sufficient income.

I hold that the contention of the special guardian is correct. It is my opinion that the Court of Appeals, in the decisions quoted above, did not intend to establish the absolute rule for every case involving unproductive real property in a trust fund that there must be an apportionment between principal and income when such real property is sold. When the above cases are closely analyzed, it is readily seen that the rule laid down therein was for the *purpose of preventing the life tenants suffering a diminution of income* or a total loss of income by reason of the heavy carrying charges on unproductive real property where the latter constitutes the *greater portion* of the estate. Thus, in *Furniss* v. *Cruikshank* (*supra*) there was productive real property of the value of approximately $490,000 and unproductive real property of the value of $1,400,000, and, it should be noted, that the opinion states that "where a testator creates a trust *largely of unproductive real estate*," there must be an apportionment. In *Spencer* v. *Spencer* (*supra*) the court said that "the question in the case under consideration, therefore, depends on what was the intention of the testator." In the case of *Lawrence* v. *Littlefield* there was $8,000,000 of unproductive real estate in the trust fund, and the court held that the carrying charges on such a large amount of vacant property would reduce the income payable to the life tenant to such an extent that the latter would be deprived of a fair income, and on the sale of this real estate there should be an apportionment between principal and income. In the case at bar the unproductive real estate constitutes but a very small part of the trust fund, and the carrying charges on the same

can easily be borne by the life tenants without unduly depleting the income to be received from the productive property.

I, therefore, hold that on the particular facts of this case — the unproductive real property being only of the value of $45,000 and the trust fund of income-producing property being over $1,000,000 in value — no apportionment should be made. Submit decree accordingly.